Good morning, may it please the court Becky Walker James appearing on behalf of the defendant Billy Joe Palomo I'd like to reserve three minutes of my time for about just watch the clock Mr. Palomo is serving a 10-year sentence Even though he did not under see pled guilty not understanding that he was facing a 10-year mandatory minimum sentence and the evidence In fact did not support the 10-year sentence and this situation came about due to several errors in the district court First there were two serious rule 11 violations First the court did not ensure the defendant understood the mandatory minimum 10-year sentence And second did not ensure there was a sufficient factual basis Support even the basic elements of the offense and certainly not the facts to support the 10-year quantity Do we not have a factual finding from? Judge, Tidinghall gates that he did in fact understand based on the hearing that she held in her review of the Plea colloquy before the magistrate judge well, you are what the judge really focused on in the in the motion to substitute counsel was the the lawyers representation that The dispute was really over the third party custodian issue and And she did discuss with him with the defendant that he had told the magistrate judge That he understood however What mr. Palomo in fact said was honestly your honor I didn't I didn't understand he that my lawyer was just telling me you know I you know just sign this just say yes So that's what the record reflects is that he was being pressured to you know My question was do we or do we not have a factual finding? From the district court judge as a result of the hearing that he did in fact understand that there was a 10-year mandatory Well Your honor I don't read that I don't read the record as as making that finding because I think the court was really focused on the wrong Question and she wasn't really exploring with the defendant whether he in fact understood There was no in fact that's one of the problems with the colloquy in Motion to substitute counsel was that it really was inadequate to explore whether counsel and the client had really had really Explained that issue and whether he in fact understood it So inside for a moment that's commons question with which only Current hope you will answer about what the judges finding where it seems like you're contending that somehow the judge had an Responsibility and to instead of letting him read it for himself to basically walk it through like it was a law class Is that your contention Is your honor referring to the the factual basis correct for the plea Well, I think it wasn't adequate in this Give me like what Gaither seems to suggest exactly to the contrary Do you have any authority on what you can rely that suggests that what the district judge did here was inadequate as a matter of law? Well, I think we have cited cases. I believe it's a kennel and Kenya which suggests that just reading a factual basis in a plea agreement is insufficient That's not what you had here was it? Yes, it was your honor That's all that's all the judge asked him to do was to read the plea agreements only to himself And how do you how do you distinguish Gaither? You know, I may have to have to review Gaither maybe I can hit that in rebuttal but very quickly but the bottom line here is that You know, he there was a factual basis in the plea agreement a very bare-bones factual basis in the plea agreement The which he was just asked to be telling he wasn't asked about his reading capabilities He wasn't asked any questions to explore his state of mind about whether he really understood those facts. What do we do? I'm looking at I think it's record page 77 and mr. Smith is engaged in a colloquy with I believe it's judge Gates in which He says I think it's clear that he's had an opportunity to see the pre-sentence report He knows the plea agreement. He signed He knows the time he's going to serve and I think he's getting the jitters And then the court makes a factual finding that basically this amounted to buyers remorse Why shouldn't I read that record to conclude that he did in fact understand that he was looking at a 10-year mandatory minimum? But maybe it didn't settle in completely until he saw the pre-sentence report that reinforced and I'm not sure. I'm seeing that on page 77, but it's 77 78 but it's pages 27 and 28 of the typewritten transcript of the hearing held before judge gates on May 28, 2009 Starting at line 25 on page 27 of the typewritten Well, right and that that's counsel's Representation of the court that it's clear. He's had an opportunity to see the pre-sentence report And he did said the reason when you're a former assistant u.s. Attorney you understand why we ask Clients to sign pre-sentence reports. It's an indication that the client has in fact reviewed the report with his lawyer and Understands and abides by the contract that he's about to enter. Isn't that the whole purpose for having the defendant sign it? Sure, your honor, although two points First this was a discussion about the pre-sentence about the pre-sentence report and having seen it having gotten buyers remorse I'm sorry, but I'm looking at the top of page He knows the plea agreement he signed Why can't the district court rely on the representation of the defendant's counsel? Well in this context because the defendant has himself come forward to the court and said I have a dispute with my counsel I'm not a being adequately represented here. There's a breakdown in our communication. I really didn't understand Then let's go to what your client himself understood I looking at the plea colloquy bait stamp 36 Line 39. I'm sorry. Sorry at line 15 the court says now the maximum sentence for conspiracy to possess with intent to distribute over 50 grams of methamphetamine at life imprisonment a four-man dollar fine a minimum Mandatory term of 10 years of incarceration which may not be stayed or suspended by the court you go over then to the next page date stamp 37 and the court says And do you understand then the consequences of your plea in relation to the penalty by pleading guilty here this morning the defendant? Yes, your honor No attorney involved there. Just your client. Why isn't that? Kind of a bookend of what judge Tallman was talking about in terms of what the attorney said Right because he was only asked if he understood the maximum penalty. What else were we talking about here the mandatory minimum penalty? That's what we were talking about here. Well. No in fact if you read it. He's only asked on page 8 Er 37 do you understand this to be the maximum penalty? But I'm 36. I just read on line 18 a minimum Mandatory term of 10 years of incorporation. That's not a maximum That is true Why why should we not take your client's word for understanding it well because he wasn't asked whether he understood that portion He was only asked if he was the max he was right after that a court asked him whether I understood He said he did But he's understood the maximum penalty and the problem here is that it's very confusing because in both the plea agreement and the people Colloquy he is that the mandatory minimum is buried in this discussion of the maximum penalty Looking I mean he was directed by the magistrate judge to paragraph 5 which contains the line on the statement on line 26 And a mandatory minimum term of 10 years of incarceration Which may not be stayed or suspended by the court and the evidence before us is that the defendant was looking at that paragraph? As the judge was engaging him in the dialogue as to whether he understood it right but again This is it's the same error in the plea agreement that was in the colloquy here Which is that it's it it states the maximum penalties are the following and buried within that is this reference to a mandatory minimum 10? Years you're down about a minute and a half if you wish to reserve you may do so I would thank you Thank you your honors Counselors Appreciate the opportunity to be here. I'm with the United States Attorney's Office on Guam, and I'm an assistant United States attorney And my name is Fred black I was fascinated by why the Supreme Court took the time that they did to reverse the Ninth Circuit twice both in the Vaughn case in Benita's case a case that judge Tallman must know very well since he basically wrote the opinion of the Supreme Court In his descent before the night circuit, but I don't think we want to go quite that far at least on the record 90% of our criminal cases today get resolved Via plea agreements and the Supreme Court has said there's something solemn about that when somebody raises their hand and swears under oath And and they've signed an eight-page plea agreement, and they spent a month and a half working with their lawyer in their lawyer and in themselves say that they understand all the terms of the plea agreement and the client says that he's satisfied with the lawyer Then to just a week or so before the plan sentencing to come in before the court and say Your honor. I'm upset because there's a 10-year mandatory minimum that I didn't fully understand Which wasn't even contained in the letter that he had sent to the judge that obviously some jailhouse lawyer Prepared for him, and he acknowledged that before the court The question is why would we ignore the written document the plea agreement that says about the mandatory minimum and not a single case? The defense primarily relies on the Adams and the Ben's case I mean this whole case although there's 30 cases cited could be resolved just with looking at four cases the Adams and Ben's case deal with the situation of Where there where there was no written plea agreement that said what the mandatory minimum was in the judge failed to advise them Well, obviously that would be defective even under the Vaughn case and even under the Benitez case Basically the Adams and Ben's case stands for the proposition that somewhere in the record there has to be an advice of mandatory minimum The defense has cited to not a single case Where the judge has advised the defendant of the mandatory minimum that was done in this case Where any court has ever reversed anywhere any circuit in the country the only two cases she could find were two cases Where the court hadn't advised at all? The The kennel case that she talked about basically has been reversed and that was Discussed in the Benitez case Then she argues that though there wasn't the showing of 50 grams of course that wasn't part of her argument here But it's part of her argument there the defendant acknowledged that he had Conspired to distribute 50 grams This isn't like a substantive case where you have a laboratory analysis of the exact amount he didn't have to bring any Methamphetamine at all into Guam all that what it was sufficient that he brought in What he did brought bring in and that there were seven other deliveries and the conspiracy didn't end on that occasion It went for several months beyond that and we've got to take the defendant at his word under oath He admitted that he was involved in a conspiracy in which over 50 grams Absolutely and the two cases cited by the defense to the opposite are totally off-base because in those indictments of Alaska and Valenza's something like that that those two cases starting with the V The indictment didn't specify any quantity at all whereas our indictment specifically charged him with over 50 gram any Acknowledged that he was involved with over 50 grams So we we have to take him at his word There there was some friction Apparently with the defense attorney the judge conducted an elaborate hearing to determine whether or not This was a miscarriage of justice some kind of irreconcilable Conflict and the court found to the contrary and during that time several times the issue of the 10-year mandatory Minimum easily this court can find when looking at the whole record that he knew that he was facing a 10-year mandatory minimum He never withdrew his plea. So under the we come back for just a minute to the question the judge Talman raised He he asked opposing counsel What what deference in effect do we owe the finding in the lower court? With respect to how much the defendant here understood what what is your understanding of the standard of review that we apply to that? I think it's an abuse of discretion standard whether or not the court abused their discretion when they found of a factual finding or Shouldn't it be clear error? I'm not sure. I fully understand the court's question, but clear air sounds correct Into the point here is that the defendant has as a burden Right. So what I'm asking you is what is the burden under the case law? What is it? What does the defense have to show under the case law to overcome? The finding of the lower court. Well, first of all, they have to show that there was plain error error. That was clear We air now they haven't been able to do that because the two cases they've cited to Aren't at all on point the fact is that this defendant Did understand that there was a 10-year mandatory minimum the court had asked him if he had read the plea agreement Whether he understood all the terms whether he was satisfied with his lawyer Like it gave me an answer to the specific question in this particular case. There was a finding made What are we to do with this? We're a court of appeal. We're not a trial court Do we do we have do we have to wait for the defendant to overcome a clear error standard if it's Was there an objection made if there was or were we talking? We can't be talking plain error then can we so in other words tell me what the standard of review is for our purposes on that factual issue Not only does the Not Only do you have to find that there was clear plain error But you also have to find that the air was substantial plain air is what's substantial plain air is when somebody doesn't object Did was there an objection made in this case to this particular point? Not during the plea colloquy. Okay, so we are reviewing for plain error and under that standard What what does the defendant have to do to overcome? The finding of the lower court He has to be able to show that the air seriously affects the fairness the integrity or the public reputation of the judicial proceedings and clearly based on the written document The lawyers assurances that he had got over every single term With this plea agreement that there was an issue of the ten in fact the reason it took a month and they have to get the plea together is because the defendant was going back and forth arguing quantities of That was part of the Confusing apples and oranges here. I think what we're struggling with is He came before Judge Gates on a motion to replace his counsel the court held a hearing and made a finding of fact that he understood the Consequences of the plea and that there really was no breakdown in communications that to the extent that there was a disagreement As I under read the record it was over his lawyers refusal to try and get him released to a third-party Custodian his ill mother and that's the factual finding that we have and don't we review that for clear error? And if that's true, then it's an abuse of discretion Standard that we apply in determining whether or not the district court abused its discretion in denying the motion To replace his counsel, isn't that the correct analysis? Absolutely And the three factors that you look at to determine that is whether there was adequacy of the adequacy of the court's inquiry down below You look at the extent of the conflict and whether the court had explored that issue In the timeliness of the defendant's motions. Those are the three factors set forth in the Gonzales case The Cases that the defense cited I mean basically the defendant and the lawyer were at war with each other That wasn't at all the case here and the court gave them time to talk about it They came back into court months later and said that that things were fine I mean the defendant didn't speak up, but this defendant was not at all bashful He was very smart And he the court acknowledged that and almost made a finding of that when he read the jailhouse lawyers Written statement that first the defendant claimed was his own then he claimed it wasn't the judge says well your office Obviously very bright and then he tried to say well, it's not I didn't write it Somebody else wrote it and I just said so these aren't yours. Oh, yes, your honor They're my words I mean it goes back and forth flip-flopping as he tries to figure out a way from underneath his sentence The fact is that he was faced with a pretty good deal and all he needed to do is cooperate He chose not to cooperate He was conflicted on that from the very beginning in the end He decided to go with his drug dealer father and not turn the father in and so he's paying the ten-year price for being a Major narcotics dealer on Guam brought in seven loads of methamphetamine that we knew about at that time Thank You further counsel no, thank you your honor this James you have some reserve time Thank you your honor. I'd like to respond to a couple of the court's questions first. First of all, I said that the court's finding That he understood the ten-year quantity You know dollars, right? I don't see the court is making that finding In looking at the transcript from the hearing what she did find is that he had dismay about his ten-year mandatory Sentence, but that doesn't mean he didn't understand it In fact, it could mean quite the opposite that when he discovered it He was with me which record you're referring to the sentence. This is the substitution account Right, and that would be at page ER 71 where she makes that observation and then Later on at page 73 of the excerpt of record She does note that he appeared before the magistrate and he's already found that your guilty plea has been made Freely knowingly intelligently involuntarily and that you have waived your right to a jury So it's time just to proceed before with your counsel, but that's not a finding of her own that he it in fact was voluntary Did she have a transcript of the the magistrate judge proceeding that she reviewed prior to the hearing that she conducted? I'm not sure but I don't think it it's reflected in the record that she did so she probably did not But of course they would not have been accepted but for that and there was there is a document She was assuming well certain things from the magistrate judges prior proceeding, right? I think that's correct And then I just want to address briefly the Gaither case In that case there was that the prosecutor did make an oral offer So it was on the record what the facts were that the that the defendant was saying he did do but here we have a just a silent reading of the plea agreement and as we inquiry as to whether he understood and Understood but but understood what only what he had silently read Well in here it wasn't read to him out loud I mean he was asked to read it silently to himself in this case and and and from what I read a Specifically referred to that and he said he understood what do we make of that? Well again, I have to come back to there was a reference to it But this is actually quite similar to the Ben's case In which there was actually a reference in the Ben's case to the statutory minimum of 10 days in that case a 10-day sentence but the court held that it was inadequate because it was unclear and He was never asked whether he understood that particular provision and as you know Throwing out a mandatory minimum, especially here in the context of putting it within the maximum sentence There's a big difference between maximum sentences and minimum sentences Maybe I'm repeating this unnecessarily, but in looking at the transcript on page 36 of the Magistrate doesn't colloquy the magistrate judge did recite the language a minimum mandatory term of 10 years incarceration starting at line 17 Which may not be stayed or suspended by the court and then he asked and then he went on to to talk about the rest Of the punishment and then he said do you understand this to be the maximum penalty that you face by pleading guilty here this morning? And your client says yes, your honor Right, but again, he's asked if you understand the map is to be the maximum penalty and when you do understand Consequences of the plea in relation to the penalty by pleading guilty and that's part of what he just read to the defendant I just don't understand why we're torturing the language quite so much when when it's it's all there Well, I don't mean structuring it. You're I have only all it had to be asked was do you understand? There's a 10-year mandatory minimum here, which is what will 11 requires Then he asked you understand the consequence. That's why I mean you're really splitting hairs here. This is Abu grab in a legal sense Well Yeah, it was it could have been so simply clarified and the rule is clear for that reason And in fact the rule was amended it did previously state Needs to be it needs to ask whether the defendant understands the consequences of the plea and that was amended specifically to say they have To understand the mandatory minimum. So your point I think is that it should have he should have broken up the compound questions that are contained in You understand that you understand that you understand that well Not necessarily every piece because a lot of the more maximum penalties the fines the supervisory's all those things are maximum penalties But this one piece was particularly important It's 10-year mandatory minimum was awfully important and there's every reason to believe that he would not have entered a guilty plea Especially since it wasn't gonna do him any good if he wasn't going to cooperate Thank you counsel here our questions have taken you way over your time And I appreciate that the case just argued will be submitted for decision And we will hear argument next in the case of Connahan versus Sebelius
judges: O'scannlain, Tallman, Smith